[Cite as *State v. Sealey*, 2020-Ohio-987.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2019-L-128** |
| - vs - | : | |
| OKEMA A. SEALEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2018 CR 000945.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *R. Tadd Pinkston,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Okema A. Sealey, appeals the July 15, 2019 judgment of the Lake County Court of Common Pleas denying his motion to suppress. For the reasons discussed herein, the judgment is affirmed.

{¶2} In the early morning hours of August 18, 2018, Officer Don Swindell noticed a vehicle with excessive window tint drive by him in his police cruiser. He followed the

vehicle, driven by Mr. Sealey, into a nearby gas station, and then turned on his lights and effectuated a stop. When the officer approached, he immediately noticed the overwhelming scent of air fresheners emanating from the vehicle and throughout the stop Mr. Sealey was unusually and excessively nervous. Based on those factors, combined with the fact that the area was known for its drug activity, the officer suspected Mr. Sealey was involved in drug-activity activity, the officer called for a canine unit and requested a criminal history report, which revealed that Mr. Sealey had a history of drug trafficking.

{¶3} Approximately 21 minutes into the stop, after only a few minor distractions, Officer Swindell issued Mr. Sealey the warning. As he was explaining the warning, the dog arrived and began its search. Upon alert from the canine, officers searched and found marijuana in the vehicle and a baggie of cocaine on Mr. Sealey's person.

{¶4} Mr. Sealey was indicted on one count of Possession of Cocaine, a felony of the fifth degree, in violation of R.C. 2925.11, with a forfeiture specification pursuant to R.C. 2941.1417 and R.C. 2981.04. Mr. Sealey filed a motion to suppress the evidence, arguing the officer unlawfully prolonged the stop. A hearing was held, and the trial court ultimately denied the motion. Mr. Sealey subsequently pleaded no contest to the charge, and the court sentenced him to three years of community control sanctions. Mr. Sealey now appeals the court's denial of the motion to suppress, assigning one error for our review:

{¶5} The trial court erred by denying the defendant-appellant's motion to suppress in violation of his due process rights and rights against unreasonable search and seizure as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Sections 10 and 14 of the Ohio Constitution.

{¶6} "'Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier

2

of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.'" *State v. Freshwater*, 11th Dist. Lake No. 2018-L-117, 2019-Ohio-2968, ¶4, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶8. "'Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.'" *Burnside, supra,* citing *State v. Fanning*, 1 Ohio St.3d 19 (1982).

{¶7} "[A] police officer 'need not have a reasonable suspicion that a vehicle contains contraband prior to summoning a canine drug unit' for the duration of the time needed to complete the initial traffic stop." *State v. Balanik,* 11th Dist. Lake No. 2015-L-112, 2016-Ohio-3511, ¶11, quoting *State v. Wilkins*, 2d Dist. Montgomery No. 20152, 2004-Ohio-3917. However, upon stopping a motorist for a traffic violation, an officer may delay the driver for only the amount of time necessary to issue a ticket and to verify the driver's license, registration, and license plates. *Balanik, supra.* A motorist may only be detained longer than necessary for the initial traffic stop "'when additional facts are encountered that give rise to a reasonable, articulable suspicion of criminal activity beyond that which prompted the initial stop.'" *Id.* at ¶12, quoting *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, ¶12-15. Moreover, "in order to delay a traffic stop for the purpose of conducting a K–9 *drug* 'sniff,' the reasonable, articulable suspicion required must be of *drug* activity." (Emphasis sic.) *State v. Eggleston*, 11th Dist. Trumbull No. 2014-T-0068, 2015-Ohio-958, ¶28.

{¶8} "The 'reasonable and articulable' standard applied to a prolonged traffic stop encompasses the totality of the circumstances, and a court may not evaluate in isolation each articulated reason for the stop." *Batchili, supra,* at paragraph two of the syllabus. "'The relevant inquiry in determining whether reasonable suspicion exists is not whether particular conduct is innocent or guilty, but the degree of suspicion that attaches to particular types of non-criminal acts.'" *Eggleston, supra,* at ¶29, quoting *State v. Floyd*, 9th Dist. Summit No. 11CA010033, 2012-Ohio-990, ¶18.

{¶9} In the case at bar, the legality of the traffic stop is not in dispute, nor is anything occurring after the arrival of the canine unit. Instead, Mr. Sealey argues that Officer Swindell prolonged the traffic stop without reasonable, articulable suspicion in order to await the arrival of the canine unit. The state argues that "[i]f the stop was extended for the canine unit, it was only momentarily and it was after the officer's investigation included a sufficient amount of reasonable, articulable suspicion that the vehicle contained drugs." In its judgment entry denying Mr. Sealey's motion to suppress, the court did not expressly determine that the stop was prolonged, but did find that the officer had reasonable, articulable suspicion that the vehicle contained drugs. We agree.

{¶10} Considering the totality of the circumstances, the record supports a finding that Officer Swindell had the reasonable, articulable suspicion of drug activity necessary to prolong the traffic stop. Officer Swindell's suspicions arose when he first encountered Mr. Sealey. He testified that he immediately noticed the "excessive" scent of air fresheners. He testified that while he could not remember exactly how many air fresheners were in the car, "the odor was excessive. I believe every vent in the front dash had an air freshener * * *." Additionally, Officer Swindell testified that Mr. Sealey was

4

extremely and unusually nervous: he was not making eye contact, his eyes were darting, he was breathing very heavily and rapidly, his carotid artery was visibly pulsing, and his hands were visibly shaking. Moreover, Mr. Sealey's nervousness did not wane upon being informed that he was pulled over for an excessive-window-tint violation, a minor misdemeanor related to a vehicle that was not his own, nor after being informed that he was only being issued warning.

{¶11} In an effort to argue that nervousness should not be considered, Mr. Sealey likens his case to *State v. Taylor,* 138 Ohio App.3d 139 (2d Dist.2000). *Taylor,* however, is distinguishable. In that case, the officer stopped a vehicle for speeding. The appellant therein was the front seat passenger. Noting that the driver looked nervous, smelled of alcohol, was sweating profusely, and his car had several air fresheners, the officer performed a breath alcohol test but determined the driver was not legally impaired. When the report on the driver's license showed it was suspended, the driver was placed under arrest. The pat-down incident to arrest revealed a small amount of marijuana on the driver, so the officer called for a canine unit. Ultimately, the dog alerted to the trunk of the vehicle, where officers discovered a large sum of cash. At that point, all three of the car's occupants, including the non-driver appellant, were arrested. As appellant was being questioned, the officer noticed a packet of cocaine near his foot, and he was charged with possession of cocaine. The Second District found that the officer did not have grounds to detain the passenger appellant based upon the suspicious circumstances surrounding the driver.

{¶12} Moreover, as this Court noted in *State v. Sherrod,* 11th Dist. Lake No. 2009-L-086, 2010-Ohio-1273, "*Taylor* was decided before the Ohio Supreme Court's decision

5

in *Batchili* and may have been decided differently in light of the later holding. The *Taylor* court further acknowledged that it was not holding 'that the circumstances in this case can never congeal with other facts not present here to form a reasonable articulable suspicion that criminal activity is occurring or about to occur.'" *Sherrod, supra,* at ¶24, quoting *Taylor, supra,* at 149. Thus, we do not find *Taylor* applicable to the case at bar.

{¶13} This Court has found that "[w]hile the unusual number of air fresheners, nervousness, and inability to name one of his passengers may be understandable and/or not criminal in themselves, they do constitute reasonable and articulable suspicion of criminal activity, such as the possession of contraband." *Sherrod, supra,* at ¶21. *See also State v. Henry*, 11th Dist. Lake No. 2007-L-082, 2007-Ohio-6732. Here, instead of being unable to name a passenger, the officer had additional suspicion because the area was well known for its drug activity. In particular, Officer Swindell testified that "the gas stations [in that particular area] are commonly used for drug transactions." Viewing this fact in the totality of the circumstances, considering Mr. Sealey's continued and excessive nervousness, his criminal history, and the excessive use of air fresheners, we find Officer Swindell had reasonable, articulable suspicion of drug activity sufficient to prolong the initial traffic stop to await the arrival of the canine unit. Accordingly, the trial court did not err in denying Mr. Sealey's motion to suppress.

{¶14} In light of the foregoing, Mr. Sealey's assignment of error is without merit.

{¶15} The judgment of the Lake County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.

6