[Cite as *State v. Wilson*, 2023-Ohio-135.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 21 CA 00081 |
| ROBERT D. WILSON | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 19 CR 00275 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 18, 2023 |


APPEARANCES:

For Plaintiff-Appellee

WILLIAM C. HAYES
PROSECUTING ATTORNEY
DARREN BURGESS
ASSISTANT PROSECUTOR
20 South Second Street, 4th Floor
Newark, Ohio  43055

For Defendant-Appellant

BRIAN A. SMITH
BRIAN A. SMITH LAW FIRM LLC
123 South Miller Road
Suite 250
Fairlawn, Ohio  44333

*Wise, J.*

{¶1}    Appellant Robert D. Wilson appeals the judgment of the Licking County Court of Common Pleas denying the motion to suppress evidence, his conviction, and sentence. Appellee is State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On April 18, 2019, the Licking County Grand Jury indicted Appellant on one count of Possession of Heroin in violation of R.C.§2925.11(A)(C)(6)(d).

{¶3}    On May 3, 2021, Appellant filed a Motion to Suppress alleging Appellant's detention, the search, and the seizure were done without the benefit of a warrant or reasonable suspicion of criminal activity.

{¶4}    On May 27, 2021, a hearing on the Motion to Suppress was held. At the hearing, Trooper Samuel Hendricks testified he had been working for the Ohio State Highway Patrol for over twenty-one years.

{¶5}    On March 9, 2019, Trooper Hendricks was on duty and was assigned to enforcement of traffic and criminal laws. Trooper Hendricks noticed a red Ford driving dangerously by almost rear-ending a gray Nissan, cutting off a commercial vehicle without leaving a safe distance, and following another car in front of him at a dangerously close distance. The registration on the vehicle was to a woman, Carla Wade. Trooper Hendricks only observed two males in the front seat.

{¶6}    After pulling the vehicle over, Trooper Hendricks approached and noticed a female in the back who appeared to be just waking up. She was later identified as Ms.

Sheeders. Trooper Hendricks also observed the passenger, Appellant, was not wearing a seat belt. Appellant stated he just took it off.

**{¶7}** Trooper Hendricks then asked the driver out of the vehicle. The driver had been acting nervous with fast-paced breathing, making furtive movements and his hands were trembling. Appellant was also breathing quickly and had a hat pulled down attempting to conceal his face.

**{¶8}** Upon questioning the driver, his answers to questions kept changing. He thought for a long time on answers to questions that should have been readily available to him. His answers also changed throughout the conversation.

**{¶9}** Trooper Hendricks then called Deputy Vogelmeier to the scene to conduct a canine sniff. Deputy Vogelmeier arrived on scene about five minutes after the initial stop of the vehicle.

**{¶10}** The canine indicated the presence of a controlled substance in the vehicle. Upon a search of the vehicle, officers located a rolled up twenty-dollar bill with heroin residue on it, a couple empty baggies with residue, and two syringes, which Appellant put under his seat when the vehicle was stopped, and a handgun. Trooper Hendricks also found a boot in the trunk of the car which contained over thirteen grams of heroin.

**{¶11}** While in the back of the cruiser, the camera caught Ms. Sheeders referring to Appellant throwing two syringes under the seat and inquiring if law enforcement found the heroin. The camera also recorded the driver, Mr. Glow, inquiring if Appellant just put the heroin in a boot in the trunk. Appellant was also recorded telling Mr. Glow his only way out is to "roll." Mr. Glow then asked Appellant, "did you really just put it in a boot?"

**{¶12}** On May 28, 2021, the trial court denied Appellant's Motion to Suppress.

**{¶13}** On September 23, 2021, a jury trial was held. At trial, Emily Harstel testified the substance found in the boot of the car contained heroin.

**{¶14}** Next, Trooper Hendricks testified that on March 9, 2018, he stopped the vehicle Appellant was in for multiple traffic violations. Upon pulling the vehicle over, Trooper Hendricks testified Appellant was bent over in the front passenger seat, shuffling around and making furtive movements. Both the driver and Appellant were acting more nervous than a typical traffic stop. Appellant was not wearing his seat belt when Trooper Hendricks approached the vehicle.

**{¶15}** After Trooper Hendricks observed the strange behavior of the occupants of the vehicle, he asked the driver to accompany him to his cruiser after he consented to a pat down. The driver initially told the trooper they were coming from Columbus, but quickly changed his story they were coming from Cincinnati. Trooper Hendricks notes conflicting stories within a short time frame is an indicator of criminal activity. Trooper Hendricks contacted Deputy Vogelmeier, a canine officer.

**{¶16}** Deputy Vogelmeier arrived around five minutes after being contacted. Vogelmeier took his canine around the vehicle and the canine alerted to the odor of narcotics.

**{¶17}** During the search, Deputy Vogelmeier found a twenty-dollar bill with heroin residue on it in Appellant's pocket. There were two syringes found in the vehicle. Appellant admitted they were his. Trooper Hendricks found a large quantity of heroin stuck inside a boot in the trunk of the vehicle.

**{¶18}** Appellant and Mr. Glow both offered to provide Trooper Hendricks with information on where they obtained the heroin and who sold it to them. Trooper Hendricks

also observed recorded statements between Mr. Glow and Ms. Sheeders. The recordings show them discussing identifying their supplier in exchange for a more lenient sentence. Also on the recording Ms. Sheeders identified Appellant as the individual who placed the heroin in the trunk.

{¶19} Next, Deputy Vogelmeier testified he is a canine officer with the Central Ohio Drug Enforcement Task Force. On the morning of March 9, 2018, he received a call from Trooper Hendricks to do a free air sniff. Trooper Hendricks had observed furtive movements, nervous behaviors, and contradictory stories.

{¶20} Before beginning the free air sniff, Deputy Vogelmeier instructed Appellant to roll up his window and place his hands on the dashboard for safety concerns. He asked Ms. Sheeders to place her hands on the headrest in front of her. Appellant attempted to exit the vehicle. This is typical with someone showing signs of extreme anxiety, attempting to distance themselves from what is in the vehicle.

{¶21} Deputy Vogelmeier then conducted a free air sniff around the vehicle. The canine alerted to the presence of narcotics on the passenger side of the vehicle and the driver side of the vehicle.

{¶22} Deputy Vogelmeier then asked Appellant to step out of the vehicle and consent to a search of his person, which he did. The deputy found a large amount of U.S. currency rubber banded together out of his left pocket. This is typical in the world of narcotics. His right pocket had a crumpled up twenty-dollar bill containing heroin from his right pocket. The heroin was the same color and grade as the heroin found in the trunk of the vehicle. He also testified officers found syringes without a cap and a tie-off. This is indicative of recent drug use. Appellant admitted to ownership of the syringes.

{¶23} On September 23, 2021, the jury found Appellant guilty on the sole count of the indictment. The trial court sentenced Appellant to four years in prison.

## ASSIGNMENTS OF ERROR

{¶24} On October 25, 2021, Appellant filed a notice of appeal. He herein raises the following Assignments of Error:

{¶25} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS, IN VIOLATION OF APPELLANT'S RIGHT AGAINST UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 14 OF THE OHIO CONSTITUTION.

{¶26} "II. APPELLANT'S CONVICTION FOR POSSESSION OF DRUGS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶27} "III. THE TRIAL COURT ERRED IN ITS DECISION TO ADMIT STATEMENTS FROM OTHER PASSENGERS IN THE VEHICLE, ON THE GROUNDS THAT THEY WERE STATEMENTS 'IN FURTHERANCE OF THE CONSPIRACY' UNDER EVID.R.801(D)(2)(E).

{¶28} "IV. THE TRIAL COURT ERRED IN ITS DECISION TO ADMIT TESTIMONY FROM TROOPER HENDRICKS REGARDING RECORDED STATEMENTS MADE BY OTHER PASSENGERS IN THE VEHICLE DURING THE TRAFFIC STOP, WITHOUT REQUIRING ADMISSION OF THE RECORDING, IN VIOLATION OF EVID.R.1002 AND EVID.R. 1004.

{¶29} "V. CUMULATIVE ERRORS OF THE TRIAL COURT DEPRIVED APPELLANT OF HIS RIGHT TO A FAIR TRIAL, IN VIOLATION OF APPELLANT'S

RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

**{¶30}** For the purpose of judicial economy, we will address Appellant's assignments of error out of order.

**I.**

**{¶31}** In Appellant's first Assignment of Error, Appellant argues the trial court erred in finding that Trooper Hendricks impermissibly extended the traffic stop. We disagree.

**{¶32}** The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271 (1991).

**{¶33}** Appellate review of a motion to suppress is a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142,145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusions, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio

App.3d 37, 41, 619 N.E.2d 1141 (4th Dist.1993), *overruled on other grounds*, *State v. Gunther*, 4th Dist. Pickaway No. 04CA25, 2005-Ohio-3492, ¶16.

**{¶34}** Three methods exist to challenge a trial court's ruling on a motion to suppress. First, appellant may challenge the trial court's findings of facts. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Second, appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, the appellate court can reverse the trial court for committing an error of law. *Williams* at 41. Third, appellant may argue the trial court incorrectly decided the ultimate issue raised in the motion to suppress. When addressing the third type of challenge, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case (Citation omitted). *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994).

> When a police officer's objective *justification* to continue detention of a person stopped for a traffic violation for the purpose of searching the person's vehicle is not related to the purpose of the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct a search constitutes an illegal seizure.

> *State v. Robinette*, 80 Ohio St.3d 234, 240, 685 N.E.2d 762, 767 (1997).

**{¶35}** An officer may briefly extend a traffic stop to inquire about the presence of illegal drugs or weapons. *Id.* However, the officer must ascertain reasonably articulable facts giving rise to a suspicion of criminal activity while inquiring to justifying a more in-depth investigation. *Id.* Therefore, "[t]he critical question, then, is not whether the dog sniff

occurs before or after the officer issues a ticket … but whether conducting the sniff 'prolongs' – i.e. adds time to- 'the stop'" *Rodriguez v. United States*, 575 U.S. 348, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015).

**{¶36}** In other words, a motorist may be detained beyond the time frame necessary to conduct the stop for the purposes of the traffic violation when "additional facts are encountered that give rise to a reasonable, articulable suspicion [of criminal activity] beyond that which prompted the initial stop[.]" *State v. Smith*, 117 Ohio App.3d 278, 285, 690 N.E.2d 567 (1st Dist.1996) citing *State v. Myers*, 63 Ohio App.3d 765, 771, 580 N.E.2d 61 (2nd Dist.1990).

**{¶37}** In *State v. Sealey*, 11th Dist. Lake No. 2019-L-128, 2020-Ohio-987, ¶13, the Eleventh District found that extremely nervous behavior and excessive air fresheners amounted to reasonable articulable suspicion was enough to prolong the traffic stop.

**{¶38}** Similarly, in the case *sub judice*, Mr. Glow was acting excessively nervous and contradicting his own story. Appellant made furtive movements as if to conceal something in the vehicle, acted excessively nervous, and attempted to hide his face from Trooper Hendricks. Considering a totality of the circumstances, the record supports finding Trooper Hendricks had the reasonable, articulable suspicion of drug activity necessary to prolong the traffic stop.

**{¶39}** Appellants first Assignment of Error is overruled.

### III.

**{¶40}** In Appellant's third Assignment of Error, Appellant argues the trial court erred in admitting the testimony of Trooper Hendricks regarding recorded statements

("disputed recording") made by Mr. Glow and Ms. Sheeders as they were inadmissible hearsay. We disagree.

**{¶41}** "Ordinarily a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake City*, 58 Ohio St.3d 269, 271 (1991).

**{¶42}** Evid.R. 801(D)(2)(e) provides that a statement is not hearsay if made by a co-conspirator during and in furtherance of the conspiracy. Statements made by co-conspirators during the concealment phase of a conspiracy are still admissible. *State v. Shelton* (1977), 51 Ohio St.2d 68. "Statements of co-conspirators are not admissible under Evid.R. 801(D)(2)(e), however, until the proponent of the statement has made a prima facie showing of the existence of the conspiracy by independent proof." *State v. Skatzes*, 104 Ohio St.3d 195, 819 N.E.2d 215, 2004-Ohio-6391, ¶102, citing *State v. Carter*, 72 Ohio St.3d 545, 651 N.E.2d 965, 1995-Ohio-104, paragraph three of the syllabus and *State v. Lindsey*, 87 Ohio St.3d 479, 481, 721 N.E.2d 995, 2000-Ohio-465. "There is no requirement that explicit findings be made on the record." *Skatzes* at ¶102 citing *State v. Robb*, 88 Ohio St.3d 59, 70, 723 N.E.2d 1019, 2000-Ohio-275. Further, even the early admission of statements that could have been deemed hearsay at the time they were elicited is rendered harmless if independent proof of the conspiracy is admitted into evidence before the case is submitted to the jury. *See State v. Jalowiec*, 91 Ohio St.3d 220, 744 N.E.2d 163, 2001-Ohio-26.

**{¶43}** Appellees can prove a conspiracy in order to introduce out-of-court statements by conspirators under Evid.R. 801(D)(2)(e) even if conspiracy was not

charged in the indictment. *Robb*, 88 Ohio St.3d 59, 68, 723 N.E.2d 1019, 2000-Ohio-275; *Skatzes*, 104 Ohio St.3d 195, 819 N.E.2d 215, 2004-Ohio-6391, ¶105. The statements were made in the back of the police cruiser when the conspirators were discussing where the heroin was found and how to proceed with furthering the concealment phase of the conspiracy. As for proof of the existence of a conspiracy between Appellant, Glow, and Sheeders independent of the out-of-court statements, Trooper Hendricks testified to the nervousness of Glow and Appellant, Appellant was attempting to conceal his face from Trooper Hendricks, syringes and other drug paraphernalia were found under Appellant's seat, and Appellant asserted his ownership over the paraphernalia. In separate statements made directly to Trooper Hendricks, Appellant and Glow confirmed knowledge of the presence of the heroin in the trunk of the vehicle. Glow contradicted his story from where they had all come. A search of Appellant showed a large amount of cash rubber banded together from one pocket, and a rolled up twenty-dollar bill with heroin residue on it in his other pocket.

{¶44} Based on the forgoing, the court finds that the state presented evidence of a conspiracy independent of the recorded statements made in Trooper Hendricks vehicle. Therefore, the testimony is not hearsay pursuant to Evid.R. 801(D)(2)(e).

{¶45} Appellant's third Assignment of Error is overruled.

### IV.

{¶46} In Appellant's fourth Assignment of Error, Appellant argues the trial court committed reversible error by admitting the testimony of Trooper Hendricks regarding recorded statements made by Mr. Glow and Ms. Sheeders in violation of the best evidence rule. We disagree.

**{¶47}** Evid.R. 1002 provides: "to prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio."

**{¶48}** The original recording of the conversations between Mr. Glow and Ms. Sheeders was available, but Appellee opted not to enter it into evidence. Therefore, the exceptions to Evid.R. 1002 found in Evid.R. 1004 do not apply. The only reason Appellee gave for not wanting to admit the recording into evidence was the recording was two hours in length. Appellee had Trooper Hendricks testify as to the contents of the recording instead.

**{¶49}** As the original recording was available but not placed into evidence, Trooper Hendricks testimony as to the contents of that recording in lieu of the original violated Evid.R. 1002. However, Crim.R. 52(A) defines harmless error as "[a]ny defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Before error can be considered harmless, we must be able to "declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Where no reasonable possibility exists that the unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal. *State v. Lytle*, 48 Ohio St.2d 391, 358 N.E.2d 623 (1976), paragraph three of the syllabus, vacated on other grounds in *Lytle v. Ohio*, 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154 (1978).

**{¶50}** As Appellant acknowledged he knew the drugs were in the trunk, there were two syringes under his seat in the car belonging to Appellant, and Appellant had a rolled

up twenty-dollar bill in his pocket with heroin residue matching the heroin found in the trunk. Therefore, we find no prejudice in Trooper Hendricks's testimony regarding the contents of the cruiser recording without admitting the recording into evidence.

**{¶51}** Appellant's fourth Assignment of Error is overruled.

**II.**

**{¶52}** In Appellant's second Assignment of Error, Appellant argues his conviction is against the manifest weight of the evidence. We disagree.

**{¶53}** When reviewing a weight of the evidence argument, the appellate court reviews the entire record weighing the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio st.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

**{¶54}** Appellant argues the jury clearly lost their way in finding Appellant possessed heroin because the heroin was in a locked trunk. Their argument is that without Trooper Hendricks's testimony as to what was on the recording, there was not enough evidence to show Appellant possessed the heroin.

**{¶55}** Appellant was found guilty of Possession of Heroin in violation of R.C.§2925.11(A)(C)(6)(d).

**{¶56}** R.C. §2925.11 states:

(A)    No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

* * *

(C) Whoever violates division (A) of this section is guilty of one of the following:

* * *

(6) If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of possession of heroin. The penalty for the offense shall be determined as follows:

(d) If the amount of the drug involved equals or exceeds one hundred-unit doses but is less than five hundred unit doses or equals or exceeds ten grams but is less than fifty grams, possession of heroin is a felony of the second degree, and the court shall impose as a mandatory prison term a second-degree felony mandatory prison term.

**{¶57}** In the case *sub judice*, Appellant acknowledged he knew the drugs were in the trunk, there were two syringes under his seat in the car belonging to Appellant, and Appellant had a rolled up twenty-dollar bill in his pocket with heroin residue matching the heroin found in the trunk. Therefore, this is not an "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983). The jury neither lost its way nor created a miscarriage of justice in convicting Appellant of Possession of

Heroin. Appellee presented enough evidence without Trooper Hendricks's testimony regarding the contents of the cruiser recording of his guilt beyond a reasonable doubt.

**{¶58}** Appellant's second Assignment of Error is overruled.

**V.**

**{¶59}** In Appellant's fifth Assignment of Error, Appellant argues as a result of the cumulative errors of the trial court, Appellant has been deprived of his right to a fair trial. We disagree.

**{¶60}** In *State v. Brown*, 100 Ohio St.3d 51, 2003-Ohio-5059, 796 N.E.2d 506, the Supreme Court of Ohio recognized the doctrine of cumulative error. Under the doctrine of cumulative error, "[s]eparately harmless errors may violate a defendant's right to a fair trial when the errors are considered together." *State v. Harris*, 2d Dist. Montgomery No. 19796, 2004-Ohio-3570, ¶40, citing *State v. Madrigal*, 87 Ohio St.3d 378, 397, 721 N.E.2d 52 (2000). "In order to find cumulative error, we first must find that multiple errors were committed at trial." *Id.* "A conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial-court error does not individually constitute cause for reversal." *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶223, citing *State v. DeMarco*, 31 Ohio St.3d 191, 509 N.E.2d 1256 (1987), paragraph two of the syllabus.

**{¶61}** In the case *sub judice*, we do not find multiple instances of harmless error triggering the cumulative-error doctrine. Where we have found that the trial court did not commit multiple instances of harmless error, a claim of cumulative error cannot be sustained. *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *State v. Perry,* 101 Ohio St.3d 118, 120, 802 N.E.2d 643, 646 (2004).

**{¶62}** Appellant's fifth Assignment of Error is overruled.

**{¶63}** For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is hereby, affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/br 1229